Case 13-37645-rld7    Doc 22    Filed 03/10/14

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAR 1 0 2014

LODGED_____RECD_____
PAID_____DOCKETED___

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

In re Stephen Richard Martell ) CASE NO. 13-37645-rld7
)
Brett M. Cullen ) ADV. PROC. No. _____
)
Plaintiff, )
)
vs. )
) Complaint Objecting to
)
Stephen R. Martell, ) Dischargeability under
)
Defendant ) 11U.S.C. Sec. 523
)
)
)

### JURISDICTION AND VENUE

1.

This court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 USC Section 1334 and the reference order of the United States District Court for the District of Oregon. This adversary proceeding relates to the Chapter 7 case of Stephen Richard Martell, case number13-37645-rld7, now pending in the United States Bankruptcy Court of the District of Oregon. The matter is a court proceeding pursuant to 28 USC Section 157.

2.

Venue is proper pursuant to the provisions of 28 USC Section 1409.

PAGE 1 – COMPLAINT OBJECTING TO DISCHARGEABILITY

## GENERAL ALLEGATIONS

3.

On December 12, 2013 debtor filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code and an order for relief was entered on that date.

4.

Among the debts the debtor is attempting to discharge is an obligation owed to plaintiff pursuant to a "State Court judgment" in the case captioned:

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| Brett M. Cullen<br><br>Plaintiff,<br><br>vs.<br><br>Stephen R. Martell, Denise L. McDonald and Richard Wade Sumner,<br><br>Defendants. | Case No. CV12060020<br><br>STIPULATED FINAL MONEY JUDGMENT AGAINST STEPHEN MARTELL |

The State Court judgment related to debtor's activities as a fiduciary and officer of Everclear Windows and Doors, Inc. The state court judgment liquidated a disputed claim that the debtor distributed funds and assets in breach of his fiduciary duties as an officer of Everclear Windows and Doors, Inc.

PAGE 2 – COMPLAINT OBJECTING TO DISCHARGEABILITY

ROGER A. LENNEBERG
ATTORNEY AT LAW
10151 SE SUNNYSIDE ROAD, SUITE 499
CLACKAMAS, OR 97015
(503) 659-1606

5.

As part of the negotiations the State Court Judgment debtor provided a written statement in the form of business records and financial statements which were materially false.

## FIRST CLAIM OF RELIEF

Pursuant to section 523 (a) (4) Non Dischargeability:

6.

Plaintiff adopts and incorporates by reference all the allegations in paragraphs 1 through 5 above.

7.

Under 11 USC Sec. 523 (a) (4) of the United States Bankruptcy Code debt incurred by a debtor who penetrates fraud, defalcation or while acting as a fiduciary shall be considered non-dischargeable.

8.

The debt liquidated in the State Court Judgment arises from debtor's actions as a fiduciary of Everclear Windows and Doors, Inc. The Debtor breached his fiduciary duties by fraudulently transferring assets of the company to himself and others.

9.

As a direct and proximate result the plaintiff suffered damage in an amount in excess of $151,000.00 and the debt should be exempted from discharge in Bankruptcy.

## SECOND CLAIM OF RELIEF

Pursuant to section 523 (a) (2) Non Dischargeability :

10.

PAGE 3 – COMPLAINT OBJECTING TO DISCHARGEABILITY

Plaintiff adopts and incorporates by reference all the allegations in paragraphs 1 through 5 and 9 above.

11.

Pursuant to section 523 (a) (2) a debt for money obtained by actual fraud or obtained by using a written statement or false statement which the creditor relied upon and the debtor caused to be made with the intent to deceive is a non-dischargeable debt.

12.

Debtor representations in writing regarding business affairs of Everclear Windows and Doors, Inc. were intended to defraud the plaintiff and were:

(a) In writing

(b) Regarding the debtor's financial condition

(c) Made with the intent plaintiff rely on the statement and with the intent to deceive.

13.

Plaintiff reasonably relied on the debtor's representations.

### THIRD CLAIM OF RELIEF

Pursuant to section 523 (a) (6) Non Dischargeability:

14.

Plaintiff adopts and incorporates by reference all the allegations in paragraphs 1 through 5 and 9 above.

15.

Pursuant to section 523 (a) (6) a debt incurred to willfully and maliciously injure the plaintiff or another entity is non-dischargeable.

PAGE 4 – COMPLAINT OBJECTING TO DISCHARGEABILITY

16.

By selling and converting the assets and money of Everclear Windows and Doors, Inc. for his personal benefit the debtor willfully and maliciously injured plaintiff and the State Judgment represents the payment for such injury and is therefore not dischargeable.

## PRAYER FOR RELIEF

Wherefore, plaintiff requests judgment against the debtor as follows:

1.

On its first, second and third claims for relief, for judgment determining that the State Court Judgment is in favor of plaintiff and is a non-dischargeable bankruptcy and for judgment in an amount to be determined under the State Court Judgment.

2.

That the plaintiff be awarded its costs of suit incurred herein and for such other relief as the court deems proper.

Presented By:

3/10/14
DATE

Roger A. Lenneberg, OSB #84273
roger@ralmediation.com
Attorney for Cullen/Plaintiff

PAGE 5 – COMPLAINT OBJECTING TO DISCHARGEABILITY

| B104 (10/06) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Brett Cullen | DEFENDANTS<br>Stephen R. Martell |
|---|---|

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAR 1 0 2014

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Roger Lenneberg  -  503-659-1606 / 503-522-7149<br>10151 SE Sunnyside Rd. Suite 499<br>Clackamas, OR 97015 | ATTORNEYS (If Known)<br>Charles Wiseman - 503-681-4626<br>3760 NE Jackson School Rd.<br>Hillsboro, OR 97124 |
|---|---|
| PARTY (Check One Box Only)<br>☐ Debtor   ☒ Creditor   ☐ Trustee   ☐ U.S. Trustee   ☐ Other | PARTY (Check One Box Only)<br>☒ Debtor   ☐ Creditor   ☐ Trustee   ☐ U.S. Trustee   ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**OBJECTION TO DISCHARE PURSUANT TO 11 USC SEC. 523**

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☒ 68-Dischargeability §523(a)(6), willful and malicious injury
☐ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $151,051.00 |

Other Relief Sought

APCS-B104 (10/16/06)   Page 1 of 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>STEPHEN MARTELL ||| BANKRUPTCY CASE NO.<br>13-37645-rld7 |
| DISTRICT IN WHICH CASE IS PENDING<br>OREGON || DIVISIONAL OFFICE<br>PORTLAND | NAME OF JUDGE<br>RANDAL DUNN |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>3/10/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ROGER LENNEBERG |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.